**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| PATRICK DEWAYNE SANDERS,<br>(SPN #02549493)<br>Plaintiff, | §<br>§<br>§<br>§ | |
| vs. | § | CIVIL ACTION H-17-3490 |
| | § | |
| SERGEANT CHIPPI, *et al.,* | §<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM ON DISMISSAL

### I.     Background

Patrick Dewayne Sanders, a Harris County Jail ("HCJ") inmate, sued in November 2017,

alleging civil rights violations resulting from a denial of due process.  Sanders, proceeding pro se

and in forma pauperis, sues Sergeant Chippi and the Houston Police Department.  Sanders asserts

that on May 16, 2015, he was arrested without probable cause.  He complains that when he was

booked into the HCJ on May 19, 2015, his property was taken without his permission or a warrant.

Sanders seeks $10,000,000.00 in compensatory damages.

### II.     Discussion

Federal courts may dismiss a claim filed *in forma pauperis* (IFP) "if satisfied that the action

is frivolous or malicious." 28 U.S.C. § 1915.  An action is frivolous if it "lacks an arguable basis

either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989)).  The statute mandates dismissal of a prisoner's IFP case if the

complaint is found to be frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C.

§ 1915(e)(2)(B).

Dismissal of an action is appropriate when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Gartrell*, 981 F.2d at 256. In section 1983 cases, the federal courts apply the forum state's general personal injury statute of limitations. *Burge v. Parish of St. Tammany*, 996 F.2d 786, 788 (5th Cir. 1993)(citing *Hardin v. Straub*, 490 U.S. 536, 538-39 (1989)). Although the governing period of limitations is determined by reference to state law, the accrual of a cause of action under section 1983 is determined by reference to federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Under the federal standard, "a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Harris v. Hegmann*, 198 F.3d 153, 156-57 (5th Cir. 1999)(quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)). The plaintiff must be in possession of "critical facts" which indicate that he has been hurt and that the defendants were responsible for the injury. *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir.), *cert. denied*, 506 U.S. 820 (1992). A plaintiff need not realize that a legal cause of action exists, but must know the facts that would support a claim. *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995).

The Texas period of limitations for personal injury actions is two years. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2001). Sanders's claim clearly arose from the events of May 19, 2015. Sanders did not file this suit until November 13, 2017, almost six months after limitations had run.

The statute of limitations bars Sanders from asserting his civil rights claims against the named defendants. Sanders's claims are dismissed under 28 U.S.C. § 1915(e). *Ali v. Higgs*, 892

F.2d 438 (5th Cir. 1990).

## III. Conclusion

Sanders's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is GRANTED. The action filed by Patrick Dewayne Sanders (SPN Inmate #02549493) lacks an arguable basis in law. His claims are DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2).

The Clerk of court must send a copy of this Order to Thomas Katz, Manager of the Inmate Trust Fund, 1200 Baker Street, Houston, Texas 77002, Fax: 713-755-4546.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on ___Nov. 16___, 2017.

_____
VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE